## S. FLEET SPEIR, Respondent, *v.* THE CITY OF BROOKLYN, Appellant.

The acts of the common council of a city are the acts of the corporation, when they relate to subjects over which it has jurisdiction, and where a third person is injured by a mistake in the exercise of its powers, or by some action in excess thereof, upon a subject within its jurisdiction, the city is liable.

While, therefore, the municipality is not bound merely by the assent of its executive officers for the wrongful acts of third persons, nor can the mayor bind it by a permit, for the granting of which he has no color of authority from the common council, and which is not within the general scope of his authority, where the permit is authorized by an ordinance of the common council regulating a matter within its jurisdiction, although the particular act authorized by the permit be unlawful, the city is liable for injuries to a third person resulting therefrom.

An ordinance of the common council of the city of Brooklyn, after prohibiting the explosion of fireworks within the city limits, provided that this should not be construed as extending to fireworks exhibited by one authorized by a permit from the mayor to exhibit the same.   Assuming to act under this ordinance, which had for a long time without question been construed as authorizing the mayor to grant permits to private persons to use the public streets for the discharge of fireworks, that officer issued a permit to one A. to discharge fireworks at the junction of two narrow streets of the city, which were completely built up.   A copy of the permit was sent from the mayor's office to the chief of police, and in consequence the police did not interfere with the display; this was an extensive one, and large and powerful rockets were used. One of these entered the window of plaintiff's house on the street near the point where the fireworks were discharged and set it on fire.   In an action to recover the damages, *held*, that the discharge of the rockets at the place and under the circumstances was a nuisance; and that the city was liable.

(Argued June 28, 1893; decided October 3; 1893.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, entered upon an order made June 27, 1892, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was brought to recover damages for injuries to plaintiff's premises in the city of Brooklyn, caused by the explosion of a rocket.

One Amatrano obtained a permit from the mayor's office, Brooklyn, for the discharge of fireworks at the corner of Montague and Clinton streets, adjacent to the Academy of Music in that city, which permit recited that it was granted under chap. 3, art. 3, sec. 2 of the city ordinances. Under this permit, on the night of November 1, 1887, there was a display of fireworks, consisting of rockets, shells, bombs, balloons and colored fire, conducted by one Bidwell (who had been employed by Amatrano), in the streets at the place mentioned, on the occasion of a political meeting. A copy of the permit was sent from the mayor's office to the chief of police (as was the custom when such permits were granted), and in consequence of the permit the police did not interfere with the display. The display was extensive and the rockets used were large and powerful. During the display one of the rockets entered the window of plaintiff's house, within 60 or 80 feet from the point where it was discharged, setting fire to the house and occasioning the damage for which the action was brought. It had been customary for the mayor to grant similar permits for the discharge of fireworks in the streets on occasions of political meetings, under the assumed authority of the ordinance referred to. The city ordinances relative to fireworks are as follows:

Chapter 3, article 4, section 2: "No person shall fire or discharge any cannon, gun, pistol, fowling piece or firearm of any description, or store or sell or offer to sell, explode or set off any firecracker, rocket, squib or combustible fireworks of any description, *within the city limits; provided, that nothing in this section contained shall be construed to extend to any fireworks exhibited by order of the common council, or by any exhibitor who shall be authorized by a permit from the mayor to exhibit the same for public amusement,* under a penalty of twenty-five dollars for each and every offense." Chapter 3, article 5, section 14: " *The use of fireworks of all descriptions is prohibited within the city limits,* except on the whole of the fourth day of July in each and every year; *provided, however,* that this section shall not apply *to such public dis-*

*plays as may be authorized by the city authorities, or such
private displays as may be allowed under permit from the*
mayor granted for such purpose ; and any person violating
any of the provisions of this section shall forfeit and pay a sum
not exceeding five dollars for each and every such offense."

Further facts are stated in the opinion.

*Almet F. Jenks* for appellant. Conceding that the discharge in question was a nuisance *per se*, there is no liability
on the city of Brooklyn. (Wood on Nuisances, § 747; *Pfave*
v. *Reynolds,* 53 Ill. 212; *Chambers* v. *Trust Co.,* 1 Disney,
336; *Masterton* v. *Short,* 7 Robt. 290; Dillon on Mun. Corp.
[4th ed.] 446; Cooley on Torts [2d ed.] 738, 739; *Cavanagh* v. *City of Boston,* 139 Mass. 426; *Wakefield* v. *City of
Newport,* 60 N. H. 374; S. & R. on Neg. [2d ed.] § 137;
*Boom* v. *City of Utica,* 2 Barb. 104; *Smith* v. *City of Rochester,* 76 N. Y. 510; *Horn* v. *City of Baltimore,* 30 Md. 218;
*Cuyler* v. *City of Rochester,* 12 Wend. 165; *Morrison* v.
*Lawrence,* 98 Mass. 426; *Lee* v. *Vil. of Sandy Hill,* 40 N.
Y. 442; *H. T. Co.* v. *City of Buffalo,* 58 id. 630; *Stoddard*
v. *Vil. of Saratoga,* 127 id. 361.) If this discharge of fireworks was a nuisance *per se*, there is no liability on the city
to be found simply on the ground that the city did not abate
it. (Dillon on Mun. Corp. § 951; *Davis* v. *Montgomery,* 51
Ala. 139; *Ball* v. *Woodbine,* 61 Iowa, 83; *Hubbell* v. *Viroqua,* 67 Wis. 343.) Even if the ordinance had permitted the
discharge, in the public streets, the city would not be liable
for an ordinance adopted in the exercise of discretionary
powers of a public or legislative character vested in the common council. (Laws of 1888, chap. 583, § 12, subd. 3; *Carthage* v. *Fredericks,* 122 N. Y. 268; Dillon on Mun. Corp.
[3th ed.] § 949; *Hill* v. *Charlotte,* 72 N. C. 55, 451; *Davis*
v. *City of Montgomery,* 51 Ala. 139; *Campbell* v. *City of
Montgomery,* 53 id. 527; *Ball* v. *Woodbine,* 61 Iowa, 83;
*Burford* v. *City of Grand Rapids,* 53 Mich. 98; *Morrison* v. *Lawrence,* 98 Mass. 219; *Robinson* v. *Greenfield,*
42 Ohio St. 625; *Rivers* v. *City of Augusta,* 67 Ga. 376;
38 Am. Rep. 787; *Anderson* v. *East,* 117 Ind. 126; *Forsyth*

*v. City of Atlanta*, 12 Am. Rep. 576.) If by the ordinance, the common council intended to authorize a discharge of fireworks in the public street under a permit from the mayor, the city is not liable for the act of the common council or of the mayor. (Dillon on Mun. Corp. § 971; *Field v. City of Des Moines*, 39 Iowa, 575; S. & R. on Neg. [4th ed.] § 300; *Hanrey v. City of Rochester*, 35 Barb. 177; *Cuyler v. City of Rochester*, 12 Wend. 165; *Cavanagh v. Barton*, 139 Mass. 426; *Boom v. City of Utica*, 2 Barb. 104; *Clark v. Des Moines*, 19 Iowa, 299; *Bieling v. City of Brooklyn*, 120 N. Y. 98; *Fitzpatrick v. Slocum*, 89 id. 358.) The damage was primarily due to the action of Bidwell, who acted under the permit obtained by Amatrano, and whose servants fired the rocket. None of these people were in the employ of the defendant. There was no consideration for the license or permit, nor did the defendant receive any benefit from it. Bidwell's act was the approximate, or at least the concurrent, cause of the damage. (*Lincoln v. City of Boston*, 148 Mass. 579; Wood on Nuisances, 837.) The common council, by its ordinance, authorized the exhibition, by permit, in a suitable place. (Hilliard on Torts, 477; *F. B. Church v. City of Utica*, 6 Barb. 313; *Davis v. Mayor*, 14 N. Y. 506–525.)

*William C. De Witt* for respondent. The discharge of fireworks on the night of November 1, 1887, in the streets bordering the Academy of Music, in the compact portion of the city, was, in law and fact, a nuisance *per se;* the city officially authorized and permitted it, and is, therefore, liable to the plaintiff for the damages resulting therefrom. (*Jenne v. Sutton*, 43 N. J. L. 257; *Conklin v. Thompson*, 29 Barb. 218; *Scott v. Shephard*, 2 Black, 892; *Fish v. Waite*, 104 Mass. 71; *Bradley v. Andrews*, 51 Vt. 530; *Morse v. Richmond*, 41 id. 435; *Winship v. Enfield*, 42 N. H. 197; *Bartlett v. Hooksett*, 48 id. 18; *Foshay v. Genhaven*, 25 Wis. 288; *Stone v. Hubbarston*, 100 Mass. 49.) The city ordinance authorizing the mayor to grant licenses for the display of fireworks, although indefinite, is valid. Its scope is regulated by law. The fault lay in the misconstruction of its extent.

(*Perkin* v. *Newell*, 26 Ill. 320; *Stanley* v. *City of Daven-
port*, 54 Iowa, 469; *Burford* v. *City of Grand Rapids*, 53
Mich. 98; *Lee* v. *Village of Sandy Hill*, 40 N. Y. 447;
*Siefert* v. *City of Brooklyn*, 101 id. 136.) The authoritative
permit of the mayor rendered the city liable for the resulting
damages. (*Cohen* v. *Mayor, etc.*, 113 N. Y. 532; *Burford*
v. *City of Grand Rapids*, 53 Mich. 98; *Stanley* v. *City of
Davenport*, 54 Iowa, 463; *Little* v. *City of Madison*, 42
Wis. 643; 49 id. 605; *Cole* v. *City of Nashville*, 4 Sneed
[Tenn.], 162; *Hoag* v. *Comrs.*, 60 Ind. 511; *Lau* v. *Mun-
ford*, 14 Johns. 426; *Witte Hague*, 2 D. & R. 33; Add. on
Torts, 85, 99, 1131; *Congreve* v. *Smith*, 18 N. Y. 79; *Crude*
v. *Hartman*, 29 id. 591; *Irvine* v. *Wood*, 51 id. 224; *Heeg*
v. *Licht*, 80 id. 579; *Brusso* v. *City of Buffalo*, 90 id. 679;
*Wendell* v. *Mayor, etc.*, 39 Barb. 329; *Ryan* v. *Curran*,
64 Ind. 354; *City of Warsaw* v. *Dunlap*, 112 id. 580;
*Jenne* v. *Sutton*, 43 N. J. L. 257; *S. L. City* v. *Hollister*,
118 N. Y. 256.) The permit of the mayor, the ordinance
of the common council, so far as it may be deemed
to authorize such permit, and the inaction of the police,
constituted an improper, negligent and wrongful exercise
of the power of the municipal corporation, for which it is
responsible. (*Lacour* v. *City of New York*, 3 Duer, 406;
*Turner* v. *City of Newburgh*, 109 N. Y. 301; *Shook* v. *City
of Cohoes*, 108 id. 648; *Pettingill* v. *City of Yonkers*, 98 id.
496; *Russell* v. *Vil. of Canastota*, 116 id. 558; *Nelson* v.
*Vil. of Canesteo*, 100 id. 89; *Mayor* v. *Furze*, 3 Hill, 612,
617, 618, 619; *Weed* v. *Brockport*, 16 N. Y. 163; *Hyatt* v.
*Vil. of Rondout*, 44 Barb. 385; 41 N. Y. 619; *Davenport* v.
*Buckman*, 10 Bosw. 20; *Hutson* v. *Mayor, etc.*, 9 N. Y. 163.)
The invalid exemption law in no way applies. (*Fitzpatrick*
v. *Slocum*, 89 N. Y. 358; *Hardy* v. *Mayor, etc.*, 90 id. 435;
*Bieling* v. *City of Brooklyn*, 120 id. 98.)

ANDREWS, Ch. J. The finding of the trial judge that the
use of the street for the discharge of fireworks constituted a
public nuisance, is amply justified in view of the circum-

stances.   It has been decided in some cases that the discharge of fireworks in the streets of a city or village, is a nuisance *per se*, and subjects persons engaged in the transaction to responsibility for any injury to person or property resulting therefrom.   (*Jenne* v. *Sutton*, 43 N. J. L. 257; *Conklin* v. *Thompson*, 29 Barb. 218.)   It may be doubted whether the doctrine in its full breadth can be maintained.   The practice of making the display of fireworks a part of the entertainment furnished by municipalities on occasions of the celebration of holidays or the commemoration of important public events, is almost universal in cities and villages, and we are not prepared to say that this may not be done, and that streets and public places may not be used for this purpose, under the supervision of municipal authorities, due care being used both as to the place selected, and in the management of the display, without subjecting the municipality to the charge of sanctioning a nuisance and the responsibility of wrong doers.

But the circumstances in the present case do not take the transaction in question out of the category of nuisances, or relieve the parties who conducted or promoted the affair from liability for the injury occasioned.   The discharge of fireworks in a city under any circumstances is attended with danger.   In the present case the danger was greatly enhanced by the location.   It was at the junction of two narrow streets of a large city, completely built upon, and where any misadventure in managing the discharge would be likely to result in injury to persons or property.   The display was of considerable magnitude and the explosives, especially the rockets, were heavily charged and when exploded, were carried with immense velocity.   It was managed by private persons under no official responsibility, and no municipal or public interest was concerned.   Under the circumstances, in view of the place, the danger involved and the occasion, the transaction was an unreasonable, unwarranted and unlawful use of the streets, exposing persons and property to injury, and was properly found to constitute a public nuisance.

The judgment below adjudges that the city of Brooklyn is

liable for the injury sustained by the plaintiff and this is the only question in the case. That a municipal corporation may commit an actionable wrong and become liable for a tort is now beyond dispute. If the city directed or authorized the discharge of the fireworks which resulted in the injury complained of, it is we think liable. The inquiry is whether the city of Brooklyn did anything which as to this plaintiff placed it in the attitude of a principal in carrying on the display. The mayor of the city, its chief executive officer, expressly authorized it, assuming to act under an ordinance of the common council. In so doing and in construing the ordinance as authorizing him to grant a permit to private persons to use the public streets for the discharge of fireworks, he was following the practice which had long prevailed, and so far as appears no question had been raised that such permits were not within the ordinance. The permit when given and communicated to the police was understood as preventing any police interference with the act permitted, and it had that effect in the case in question. The city had power to prohibit or regulate the use of fireworks within the city and to enact ordinances upon the subject. The ordinances passed were not *ultra vires* in the sense that it was not within the power or authority of the corporation to act in reference to the subject under any circumstances. (See Dillon on Mun. Corp. § 963 *et seq.*) It is the settled doctrine of the courts that a municipality is not bound merely by the assent of its executive officers to wrongful acts of third persons, nor could the mayor bind the city by a permit, for the granting of which he had no color of authority from the common council, and which was not within the general scope of his authority. (*Thayer* v. *City of Boston,* 19 Pick. 511.) If the permit was in fact authorized by the ordinance the city would, as we conceive, be liable, although the particular act authorized was wrongful. For a mistake in the exercise of its powers, or by acting in excess of its powers upon a subject within its jurisdiction, whereby third persons sustain an injury, there seems to be no reason in justice which should deny the injured party reparation. The com-

mon council is the governing body. It represents the corporation, and its acts are the acts of the corporation when they relate to subjects over which the corporation has jurisdiction. It is true that the power to pass ordinances and to regulate the use of fireworks did not embrace a power to authorize or legalize nuisances. But if the ordinance transcended the power of the common council in this respect, the misconstruction of the common council of the extent of its powers in dealing with the subject, which was concededly within its power of regulation, does not, we think, within any just view of municipal exemption from the consequences of unauthorized and wrongful acts of the governing body, exempt the city from liability. (See *Cohen* v. *Mayor, etc.*, 113 N. Y. 532.) But it is claimed that the ordinance did not by its true construction authorize the mayor to grant permits to use the streets for the discharge of fireworks. The contention is that there is an implied limitation that the permit should extend only to proper and suitable places other than the public streets. But there is no such limitation in terms in the ordinances, and the streets are not excepted from the power granted, and the case shows that the ordinance has been acted upon for many years, and has never been construed as now claimed. We are not prepared to say that the legal construction of the ordinance is not that which is now claimed by the counsel for the city, or that there is not to be read into it the limitation claimed. But the ordinance is at least indefinite and ambiguous. It might well be construed by laymen as it has been construed by the executive officers of the city. The ordinance was in fact the reason for the granting of the permit in this case. We think that as to the plaintiff, who has suffered the injury, the city is bound by the construction of the ordinance placed upon it by the mayor, and upon which for years the mayor had acted.

We think the judgment is sustainable and it should, therefore, be affirmed.

All concur.

Judgment affirmed.