(101 App. Div. 352.)

### ROGERS v. CITY OF BINGHAMTON.

(Supreme Court, Appellate Division, Third Department. January 4, 1905.)

1. ORDINANCES—CONSTRUCTION—RIDING BICYCLES.

   An ordinance making it unlawful to drive or propel any wagon or other vehicle on a sidewalk, amended by the provision: "but nothing herein shall be construed to include the conveyance of children on sidewalks in small carriages, or the riding of bicycles on any street within certain district," neither affirmatively permits nor prohibits the riding of bicycles on sidewalks.

2. CITIES—FAILURE TO PROHIBIT BICYCLES ON SIDEWALK—LIABILITY.

   A city, because of its failure to exercise its governmental power to prohibit the riding of bicycles on sidewalks, is not liable to one injured by being run into by a bicycle ridden thereon.

Appeal from Special Term, Broome County.

Action by Dorothy Louise Rogers, an infant, by John B. Rogers, her guardian ad litem, against the city of Binghamton. From a judgment dismissing the complaint, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Thomas J. Keenan, for appellant.

Frank Stewart, for respondent.

CHESTER, J. The action is for damages for personal injuries received by the plaintiff as she was crossing a sidewalk on Main street,

in the city of Binghamton, by being run over by an unknown bicyclist, who was riding his wheel on the sidewalk on that street. The plaintiff at the time of the injury was a little girl 2½ years of age. The contentions in her behalf are that the riding of bicycles upon the sidewalk at the place in question constituted a nuisance; that the defendant was clothed by statute with power, and that it was its duty, to abate the same, and to regulate the use of the streets; that the defendant had permitted the riding of bicycles upon the sidewalk there, and that it had failed, after notice, to prohibit such riding. The common council of the defendant had the power by ordinance to abate nuisances and to regulate the use of the streets. Revised Charter, Laws 1888, c. 214, tit. 3, § 5. In 1889 an ordinance was passed making it unlawful for any person to drive or propel, or cause to be driven or propelled, any wagon, sleigh, or other vehicle (except baby carriages) upon or along any sidewalk, except for the purpose of crossing the same. It may be conceded that under the definition of the term "carriage" contained in section 162 of the highway law (chapter 568, Laws 1890) the ordinance referred to was broad enough to prohibit the use of bicycles upon sidewalks. That ordinance continued in force until September 21, 1891, when it was amended by adding thereto: "But nothing herein contained shall be construed to include the conveyance of children on sidewalks in small carriages, wagons or sleds commonly used for such purposes, or the riding of bicycles on any street in said city not within the following described district, to wit." Then followed a description of a district, which did not include the portion of Main street where the plaintiff was injured. Following the passage of this amendment the sidewalks of Main street at the place in question were largely used by bicyclists on their way to and from Lestershire, a manufacturing village adjoining the city of Binghamton. In November, 1900, a resolution was introduced in the common council to amend the ordinance so as to prohibit the riding of bicycles upon the sidewalks on either side of Main street at the place in question, but that amendment failed of passage by a narrow margin. Plaintiff's injuries were received July 1, 1902. On the trial the court granted a nonsuit at the close of plaintiff's proof, and the plaintiff excepted. From the judgment dismissing the complaint this appeal is taken.

I fail to find in the ordinance any affirmative permit of the city to ride bicycles on the sidewalks at the place where the plaintiff was injured. The language of the proviso contained in the ordinance of prohibition is that nothing therein contained shall be construed to include the conveyance of children on sidewalks in small carriages, etc., or "the riding of bicycles on any street" not in the described district. A distinction seems to have been made between baby carriages and bicycles, for the former were not prohibited on the sidewalks, nor the latter on the streets. It is true that the sidewalks are within the street lines, but, if there is any permission at all, it is only an implied one, to ride bicycles on the street, which includes the carriageway, where they are usually ridden, as well as on the sidewalks. While no permit was essential for the riding of wheels on the carriageway, yet the ordinance contains no language that can fairly be construed as an affirmative permission on the part of the defendant to use the sidewalks in

the district described for bicycle riding. The ordinance does not prohibit such use at the place in question, neither does it permit it. There was, therefore, no active wrong on the part of the defendant. It simply did not act at all. So the question is presented whether the defendant is liable to the plaintiff for not prohibiting such riding by ordinance.

The power to restrain the acts of individuals by penal enactments is a governmental function, which may be exercised by the state or by municipalities under a lawful delegation of power by the state. But where the power has been delegated, can the municipality be held liable simply for its failure to exercise such governmental function? That, I think, is the question presented for determination in this case. In considering this question it is to be said that the numerous cases holding municipalities liable for the failure to exercise a ministerial power or duty to abate a nuisance consisting of a visible defect or obstruction in a street or in some public work are fairly distinguishable from this case, and cannot be regarded as authorities supporting the contention of the plaintiff. Some of these cases, however, recognize the distinction suggested, and furnish a negative answer to the question we are considering. For instance, in Cain v. The City of Syracuse, 95 N. Y. 83, cited by the appellant, Finch, J., in referring to the power conferred by charter upon the common council to demolish buildings which by reason of fire or any other cause may become dangerous to human life, or may tend to extend a conflagration, says, at page 88:

"This power is without doubt one of local legislation, to be exercised by the establishment of general rules and regulations under which the desired purposes could be accomplished. Such a power is, in its essential elements, necessarily discretionary. When it shall be exercised, in what manner exerted, by what sanctions enforced, must inevitably rest in the sound judgment of the legislative board. It can no more found a civil action that the common council has not legislated than that, having done so, its ordinance proved ineffective to prevent or redress some private injury."

Also, in Griffin v. City of New York, 9 N. Y. 456, 61 Am. Dec. 700, which was an action to recover damages for a personal injury sustained by the plaintiff because his wagon was overturned by a pile of rubbish left in the street by individuals, Denio, J., in discussing the authority of a municipality to make ordinances for the government of the city, says, at page 458 of 9 N. Y., 61 Am. Dec. 700:

"The functions of a common council as applied to this subject are those of a local legislature, within certain limits, and are not of a character to render the city responsible for the manner in which the authority is exercised, or in which the ordinances are executed, any more than the state would be liable for the want of adequate administrative laws, or for any imperfections in the manner of carrying them out. The wrong complained of in this case arose either from the want of suitable municipal regulations, or from some negligence in the city officers in ascertaining the existence of the obstruction or seasonably applying the proper remedy. A doctrine which should hold the city pecuniarily liable in such a case would oblige its treasury to make good to every citizen any loss which he might sustain for the want of adequate laws upon every subject of municipal jurisdiction, and on account of every failure in the perfect and infallible execution of those laws. There is no authority for such a doctrine, and we are satisfied that it does not exist."

The rule is stated in Cooley on Torts (2d Ed.) 739, as follows:

"For taking or neglecting to take strictly governmental action, municipal corporations are under no responsibility whatever, except the political responsibility to their corporators and to the state. The reason is that it is inconsistent with the nature of their powers that they should be compelled to respond to individuals in damages for the manner of their exercise. They are conferred for public purposes, to be exercised within prescribed limits, at discretion, for the public good; and there can be no appeal from the judgment of the proper municipal authorities to the judgment of courts and juries."

The same principle is stated in other language in Shearman & Redfield on the Law of Negligence (5th Ed.) § 262, and in 2 Dillon on Municipal Corporations (4th Ed.) § 949. So, also, in 20 Am. & Eng. Enc. of Law (2d Ed.) 1198, it is said:

"The general rule is that a municipal corporation is not liable in damages for a failure to enact ordinances with reference to subjects within its jurisdiction, or a failure to enforce ordinances after their enactment."

In Howard v. The City of Brooklyn, 30 App. Div. 217, 51 N. Y. Supp. 1058, the authorities on the subject are reviewed quite at length, and the conclusion reached that a municipal corporation which has merely failed to pass an ordinance prohibiting the riding of bicycles on its sidewalks, and not having in any way authorized it, is not liable to a person for injuries received on a sidewalk by being run into by a bicyclist riding thereon.

If I am correct in my construction of the ordinance in question— that it does not permit the riding of bicycles on the sidewalk at the place where the plaintiff received her injuries, the authorities cited are sufficient to relieve the defendant from liability for such injuries. The case is not within the principle of Speir v. The City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. Rep. 664, and the recent case of Landau, Adm'r, v. The City of N. Y. (decided in the Court of Appeals Dec. 13, 1904) 180 N. Y. 48, 72 N. E. 631, in each of which the defendant was held liable for the damages resulting from setting off fireworks in the public streets, for the reason that in each of those cases it was held that there was an express permit by the defendant or its officers to do the acts complained of. These cases each proceeded on the theory that the defendant was guilty of an active wrong which resulted in injury to the plaintiff, but in the case at bar there was no active wrong on the part of the defendant. It at most tolerated, but did not permit, the act complained of, such toleration being evidenced simply by the failure to enact an ordinance to prohibit such act after notice, and therefore the complaint was properly dismissed.

The judgment should be affirmed, with costs. All concur; SMITH, J., in result.