(112 App. Div. 291)

### DE AGRAMONTE v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

1. NUISANCE—NUISANCE PER SE—USE OF CITY PARK.
   The display of fireworks in a city park is not a nuisance per se.
   [Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Nuisance, §§ 142–148.]

2. APPEAL—REVIEW—MATTERS CONSIDERED—CITY ORDINANCE.
   Laws 1892, p. 414, c. 182, §§ 236, 237, incorporating the city of Mt. Vernon, provide that copies of the ordinances of the city, certified by the city clerk, shall be evidence in all courts as if the originals were produced and proved, and that the ordinances may be read in evidence from the volume of the same, printed by authority of the common council. *Held* that, on appeal in an action against the city, an ordinance might be considered to sustain the judgment, though it was not read in evidence.

3. MUNICIPAL CORPORATIONS—TORTS—PUBLIC PARKS—DISCHARGE OF FIREWORKS.
   Where a city ordinance prohibited the discharge of combustible substances within the city limits except on permission of the mayor, and the mayor issued a permit to discharge fireworks in a certain park, the city was not liable for injuries arising from the negligent manner in which the licensee discharged a bomb; the permit not having authorized a discharge in such manner.

Appeal from Trial Term, Westchester County.

Action by Louisa De Agramonte against the city of Mt. Vernon. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, RICH, and MILLER, JJ.

Isaac N. Mills, for appellant.
Paul Armitage, for respondent.

JENKS, J. In the evening of August 2, 1902, the plaintiff, when in a street of the city of Mt. Vernon, saw a flash of light, heard an explosion, felt a vibration of the earth, and was struck by a missile. Not far distant an Italian society was displaying fireworks in a celebration held in a city park. A crowd of 3,000 people had gathered. The plain-

tiff's theory is that the missile was a piece of a pipe or tube broken and hurled through the air by the premature explosion of a bomb.  Bombs are usually made either of wood or paper, and they are usually placea in a pipe or tube made fast in the earth, and fired from such tube to prevent injury in case of premature explosion.  There is evidence that tends to sustain the plaintiff's theory of the cause of her injuries.  The jury heard only evidence for the plaintiff.  After the case was called on Friday, the then corporation counsel moved to dismiss on a statutory ground, but his motion was denied.  The plaintiff's motion to amend her complaint, made upon notice, was granted under exception.  Thereupon the jury was examined by both sides, accepted, and sworn.  After the opening by the plaintiff, the trial was adjourned to the following Monday.  At the outset on Monday the corporation counsel averred surprise in view of the amendment, and asked for the withdrawal of a juror.  The court ordered that the trial proceed, and thereupon the corporation counsel withdrew, and took no further part in the trial.  Thus the trial was practically an inquest.  The attempt of the defendant to be relieved from the judgment obtained under these circumstances is presented by a separate appeal, brought on and heard with this appeal from the judgment.

This case may be discriminated from Speir v. City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. Rep. 664, and Landau v. City of New York, 180 N. Y. 48, 72 N. E. 631, 105 Am. St. Rep. 709, by the fact that the fireworks were not displayed in a city street but in a city park.  The display there was not a nuisance per se.  In Crowley v. Rochester Fireworks Co. (N. Y.) 76 N. E. 470, Cullen, C. J., for the court says:

"It may well be that a discharge of fireworks in a city street, at least in a city densely populated, like the city of New York, constitutes a nuisance per se; but we are of the opinion that it is not necessarily illegal to exhibit a display of fireworks in an open space like a park, where an exhibition if conducted with care, involves no serious danger to persons or property. Opinion of Andrews, C. J., in Speir v. City of Brooklyn, 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am St. Rep. 664."

There is no proof tending to indicate that the park was of such dimensions or of such location as to be an improper place for such a display.  The plaintiff does not so contend, but her theory was (and the question submitted to the jury was based thereon) that this association used an improper tube to hold the bomb, whereby the premature explosion hurled the piece of iron against her.  The jury has held the defendant liable for a negligent use of that kind of tube by the said association.

There is proof that a permit was issued by the mayor, but neither the permit nor its terms was proven, nor was the ordinance giving authority to the mayor in the premises read in evidence.  I think, however, in discussing this appeal we may consider the ordinance as if read in evidence.  Dunham v. Townshend, 118 N. Y. 281, 286, 23 N. E. 367; Sections 236, 237, c. 182, p. 414, Laws 1892.  The ordinance prohibits—

"The firing of a gun, pistol, squibs, crackers, gunpowder, or other combustible substance in the streets or elsewhere within the city fire limits, under

a penalty * * * provided, however, that this section shall not apply to the firing of crackers or fireworks on the Fourth of July, or to the day on which the anniversary of our independence shall be celebrated, or except by general permission of the mayor."

The permit was, in effect, a license to do an act not unlawful. Crowley v. Rochester Fireworks Co., supra. Given by authority, pursuant to ordinance, it merely authorized the act "to be done in a prudent, lawful, and careful manner." Village of Fort Jervis v. First Nat. Bank, 96 N. Y. 556, 557; Mayor v. Brady, 81 Hun, 444, 30 N. Y. Supp. 1121. There are authorities that, if the damages were due to the negligent doing of the act by the licensee, the defendant licensor is not liable merely because it licensed an act lawful and not per se dangerous. Shearman & Redfield on Neg. (5th Ed.) § 263; Masterton v. Village of Mount Vernon, 58 N. Y. 391, Dillon, Mun. Corp. (4th Ed.) § 953; Wheeler v. City of Plymouth, 116 Ind. 158, 18 N. E. 532, 9 Am. St. Rep. 837. In Wheeler's Case, supra, under a similar ordinance, the mayor granted permission to fire gunpowder in an anvil in a lot in the city where there were pebbles and gravel, and in firing the anvil\pebbles and gravel were cast upon the appellant's building. The court (per Elliott, J.) held that:

"The act of the mayor in granting a permit did not create a liability against the city. The utmost that can be granted is that the act of the mayor constituted the wrongdoers the licensees of the corporation, and granting this, but by no means so deciding, the city is not liable for their act, because it is not shown that it was intrinsically dangerous. It is quite well settled that a municipal corporation is not liable for the acts of its licensees unless it is shown that they were authorized to perform an act dangerous in itself. City of Warsaw v. Dunlap, 112 Ind. 576, 11 N. E. 623, 14 N. E. 568; Dooley v. Town of Sullivan, 112 Ind. 451, 14 N. E. 566, 2 Am. St. Rep. 209; Ryan v. Curran, 64 Ind. 345, 31 Am. Rep. 123. Here there is nothing to show that the authorized act was intrinsically dangerous; on the contrary, the danger arose from the negligent manner in which the licensees performed the act."

In Cohen v. Mayor, 113 N. Y. 538, 21 N. E. 700, 4 L. R. A. 406, 10 Am. St. Rep. 506, the court, however, approve the rule that the licensor may be liable if proof be made "of negligence showing permission to use, or acquiescence in the use of, the mode after notice or knowledge on the part of the licensor." The mode adopted, and of which the complaint is made, was to lodge the bomb in a cast iron tube, and discharge the bomb from it. There is not the slightest proof that the permit authorized any such tubes. If the use thereof was negligent, the silence of the permit did not authorize such use, inasmuch as there was the implied condition that the act should "be done in a prudent, lawful, and careful manner." Authorities supra.

The plaintiff called an expert to testify that his employers, in setting off explosives, use the best of drawn steel half-inch tubes, reinforced with bands at top and bottom, anchored in the ground, so in case of an explosion the pieces cannot scatter. He testified that the exhibit shown to him was quarter of an inch cast iron, and that there was a difference in the power of resistance between the construction employed by his firm and cast iron, in that the latter would spread upon an explosion, but the former would not save in an extraordinary instance. He further testifies that he would not use an iron tube. I think we would go too far if we were to impute negligence from the absence

of express prescription in the permit of the kind of tube that must be used. In any event, the permit was not read in evidence, and we are ignorant of its terms. It does not appear that either statute or ordinance regulated or prescribed the conditions for the discharge of bombs, and required that any permit therefor must definitely regulate the mode thereof. There is no proof that there was acquiescence or use of the mode after notice or knowledge on the part of the licensor. There is not a vestige of proof of any actual notice or knowledge as to the licensor. There are no circumstances which permit the conclusion that the licensor had constructive notice, or that it ought to have known of the use of the mode. I fail to see how, in the absence of direct information, the licensor could have acquired knowledge of the use of the iron tube, and that the use of it rather than a steel tube was negligent in itself, except by the consultation and employment of experts in the making and discharge of fireworks. Such knowledge is technical; therefore, the city must have employed men of technical acquirements or experts for information and for examination or supervision. In Fox v. Village of Manchester, 183 N. Y. 148, 75 N. E. 1116, the court (per Cullen, C. J.), speaking of the peril from electrical wires, say:

"Where, however, the danger to the traveler is not in the nature of an obstruction, but proceeds from the negligence of a third party in the use of the highway in a manner authorized by law, the municipality should not be held liable for that negligence unless it has notice thereof, or the condition is apparent and the danger obvious."

The learned chief judge then proceeds to define the degree of responsibility for electric light, poles, etc., as akin to that of awnings, gratings, etc. He then continues:

"To go further, however, and impose upon a municipality the duty of inspecting the insulation of the wires, the position in which they are strung, and similar matters involving technical knowledge, unless in the case of an obvious danger or exceptional occurrence, would place upon it a very onerous and unfair burden."

Two eminent judges, one after calling attention to the unguarded language often employed to express the measure of municipal duty under similar circumstances, have said: "There must be willful misconduct or culpable neglect to create liability." Andrews, J., in Hunt v. Mayor, 109 N. Y. 134, 16 N. E. 320; Earl, J., in Danaher v. City of Brooklyn, 119 N. Y. 241, 23 N. E. 745, 7 L. R. A. 592.

In the absence of all specific requirement by statute or ordinance, I think that upon the record the city cannot be held negligent, because after it had granted a permit for a display of fireworks in this public park its licensee may have used a tube in part constructed of cast iron a quarter of an inch thick. It is to be noted that the chief expert testifies he cannot tell from the piece produced what the original construction was, and the other describes it as a piece of wrought iron—"It was a piece of pipe. It is hard to tell from the looks of it which it was."

I advise that the judgment and order be reversed, and a new trial granted; costs to abide the event. All concur.