## GEORGE T. BRADLEY v. HERBERT ANDREWS.

### Negligence.    Contributory Negligence.

In case for negligence, it appeared that defendant, a lad thirteen or fourteen years old, was discharging fireworks in the evening, in a village street, in presence of a large concourse of people, old and young, when, some of the crowd having gathered so close as to obstruct the view of others, some one called out for them to stand back, and for defendant to direct the discharges "down street," whereupon defendant, who was in the act of discharging a Roman candle, and had discharged two balls up street at a high elevation, turned the candle down street and lowered it so that a third ball went just over the heads of the people, and a fourth went still lower, and struck and injured the plaintiff's son, a lad of about the same age, who stood at a little distance by the road-side, and not in that part of the crowd that was nearest to defendant, nor exposing himself to injury except by being where he was. Defendant requested the court to charge that plaintiff could not recover if his son's negligence contributed to the injury, nor unless defendant was guilty of gross negligence, nor unless defendant failed to exercise such care as a person of his age should; and that defendant could not be held to the same degree of care as a person of full age and strength of mind. The court charged that if the injury was the result of negligence or recklessness on the part of the defendant, the case was made out, and, in effect, that negligence should be determined with reference to the dangerousness of the material that was being used. *Held*, that as there was nothing to show that defendant was so young as to be irresponsible, and nothing to show contributory negligence on the part of plaintiff's son, and as the act was voluntary, there was no call for the charge requested, and no error.

CASE for negligence in the discharge of a Roman candle. Plea, general issue, and trial by jury, May Term, 1877, BARRETT, J., presiding.

It appeared that on the evening of Saturday, July 3, 1875, the defendant, a lad thirteen or fourteen years old, was discharging fireworks in the street in front of the Eagle Hotel, in the village of Woodstock, in presence of a large company of people, old and young, when, some of the crowd having gathered so close to the defendant as to obstruct the view of others who were further away, some one called out for them to stand back and for the defendant to direct his discharges down street, whereupon the defendant, who was in the act of discharging a Roman candle and had discharged two balls up street at a high elevation, turned

the candle down street and lowered it so that a third ball went just above the heads of the crowd, and a fourth went still lower and struck the plaintiff's son, a lad of about the same age, who stood at a little distance, by the street side, and not in that part of the crowd that was nearest to the defendant, nor exposing himself to injury except by being where he was, thereby lacerating and badly burning him and causing a troublesome sore that required medical treatment for about four weeks, and care in the way of dressing, &c., for a still longer time.

The defendant requested the court to charge as follows :

1.   The plaintiff cannot recover unless the jury find that the defendant was guilty of gross negligence and carelessness in the management of the fireworks.

2.   In determining whether the defendant was guilty of negligence, the jury must find, in order to entitle the plaintiff to recover, that the defendant did not exercise such ordinary care as a person of his age should ; that they could not hold him to the same degree of care that they would a person of full age and strength of mind.

3.   That if the injury arose from the plaintiff's son's own neglect and folly, or if that contributed to the accident, he cannot recover.

The court declined so to charge, but on that subject charged that if the injury in question was the result of negligence or recklessness on the part of the defendant, the cause of action was made out, and, in effect, that negligence should be determined with reference to the dangerousness of the material that was being used.

To the refusal of the court to charge as requested, and to the charge as given upon the point stated, the defendant excepted.

Verdict for the plaintiff.

*Norman Paul*, for the defendant.

The defendant was doing what he had a right to do, and is not liable unless he was guilty of gross negligence therein.   And neglect must be proved, it cannot be inferred.   *Reynolds* v. *Railroad Co.* 58 N. Y. 248 ; *Holly* v. *Boston Gas Light Co.* 8 Gray, 123.

. One is held to the exercise of such care only as may be reasonably expected, having reference to age, &c.   Shearm. & Redf.

Negl. 57; 13 Am. Law Reg. 459; 14 Am. Law Reg. 124, and cases *passim.*

If there was any contributory negligence on the part of plaintiff's son, then plaintiff cannot recover. The plaintiff must show that his son was not in fault. Shearm. & Redf. Negl. 42, 45; *Trow* v. *Vt. Central Railroad Co.* 24 Vt. 487; *Pierce* v. *Whitcomb*, 48 Vt. 127, and cases *passim.*

*W. C. French,* for the plaintiff.

The charge was favorable to the defendant. Shearm. & Redf. Negl. s. 24; *Castle* v. *Duryea*, 32 Barb. 480; *Clark* v. *Eighth Av. Railroad Co.* 32 Barb. 657.

The court was right in refusing to charge in accordance with the first and second requests. Shearm. & Redf. Negl. ss. 50, 57; *McMahon* v. *Mayor of New York*, 33 N. Y. 642; *Robinson* v. *Cone*, 22 Vt. 213.

The same as to the third request. There was nothing to show negligence on the part of the plaintiff's son. The court need charge on no point not raised by the evidence. *Wetherby* v. *Foster*, 5 Vt. 136; *Holbrook* v. *Hyde*, 1 Vt. 286; *Campbell* v. *Day*, 16 Vt. 558; *Manwell* v. *Briggs*, 17 Vt. 176. Besides, that request was not in accordance with the law. *Vaughan* v. *Porter*, 16 Vt. 266.

The opinion of the court was delivered by

REDFIELD, J. This is an action on the case for so carelessly discharging a Roman candle in the public street in the village of Woodstock, that the plaintiff's son was thereby severely injured.

The defendant was a lad about thirteen years old, and the fireworks had been furnished him by his father, with which to celebrate the Fourth of July.

I. The defendant requested the court to charge the jury that they could not hold the defendant to the same degree of care that they would a man of full age and strength of mind; and that if the injury arose from plaintiff's son's own neglect and folly, or if that *contributed* to the accident, he cannot recover. These re-

quests point to well-settled legal principles, and the court erred in disregarding such requests, provided the case required their application. The case, as stated, is, that the defendant, while exhibiting his fireworks on the evening of July 3, 1875, with a large crowd around him, holding in his hand a Roman candle, discharged two balls " up street, and at a high elevation." Some one called out to have the crowd fall back, and to have defendant direct his discharges down street. When this call was made, the defendant turned his candle down street, and lowered the direction, so that the third ball went just above the heads of the company standing in its range. The fourth ball went still lower in the same direction, and hit the plaintiff's son, and caused the injury complained of.

There is no claim in this case—and there would seem to be no ground for such claim—that defendant was of such tender years that he was *irresponsible* for tort or crime. It is not even argued that he did not know that such missiles discharged vertically, which exploded high in the air, were harmless, while those discharged horizontally into the face of a crowd of people, were likely to hit and hurt. Nor is there any suggestion that the two balls were discharged horizontally in consequence of intervening accident, but that the candle was voluntarily lowered and discharged.

The defendant, then, *voluntarily* discharged an explosive missile into a crowd, and injury ensued, and, if responsible for wrong doing, the defendant is responsible for the consequences of the act, for the actual damage caused thereby. If punitive or exemplary damage were sought, the youth and inexperience of the defendant might be urged in palliation of wantonness or malice. But the jury were limited by the charge to the *actual* damage. It is to be noted that the defendant was not at the time in the discharge or the performance of any duty or business, but was exhibiting fireworks in the public street for amusement and the entertainment of the crowd which might gather about him. In *Underwood* v. *Hewson*, 1 Stra. 596, the defendant, in uncocking a gun, accidentally suffered it to be discharged, and injury was occasioned thereby. The court held that the act was voluntary

and not unavoidable, and that the defendant was responsible for the consequences.     And in *Vincent* v. *Steinhour*, 7 Vt. 62, 66, the late Chief Justice WILLIAMS, speaking of this class of cases, says : " When a person is doing a voluntary act which he is under no obligation to do, he is held answerable for any injury which may happen to another either by carelessness or accident."   The act of the defendant was voluntary and wrongful, and his youth and inexperience does not excuse him from rendering compensation for the wrong and injury done.

II.   The court was requested to charge that if the carelessness or negligence of the plaintiff's son contributed to the injury, the plaintiff cannot recover.   This rule of law is well established, and of universal application ; and the very commendable research of the defendant's counsel has shown it to be so imbedded in authority that it will not probably be challenged hereafter.   But did the case involve or call for the application of this rule of law ? No act of contributory negligence or carelessness of the plaintiff's son is suggested by defendant's counsel, except that he was in the street and in the crowd which the exhibition invited, and within reach of the defendant's missiles.   If the fact that the party was in the street where he might be injured is contributory carelessness, then every one knocked down or shot down in the street, has so contributed to the injury that he cannot recover. We think the plaintiff's son was rightfully in the street in view of defendant's exhibition, and that the fact that he was there does not make him the active agent in inflicting the injury which he suffered.

*Judgment affirmed.*