Dooley *v.* The Town of Sullivan.

No. 13,281.

DOOLEY *v.* THE TOWN OF SULLIVAN.

NEGLIGENCE.—*Town.*—*Improvement of Sidewalk by Lot-Owner.*—*Excavation.*—
To a complaint against a town to recover for an injury sustained by falling,
in the night-time, into an excavation in a sidewalk, an answer that the ex-
cavation was made by the owner of the abutting lot in pursuance of an
ordinance requiring him to improve the sidewalk, and that he had,
when the work was left on the night in question, placed proper danger
signals at the excavation, which the plaintiff, without any fault on the
part of the lot-owner, had disregarded, is good.

SAME.—*Danger Signals.*—*Keeping Watch.*—Only ordinary care is required
of a municipal corporation, its agents and contractors, and it is suffi-
cient to show that proper signals or guards were placed about an exca-
vation on quitting work, unless there are circumstances peculiar to the
particular case making it necessary that a watch be kept, and if such
signals or guards are removed during the night by a wrong-doer there
is no liability.

SAME.—*Liability of Town for Acts of Property-Owner.*—The acts of a prop-
erty-owner, who improves a sidewalk under an ordinance adopted in
pursuance of section 3367, R. S. 1881, are not the acts of the town in
such a sense as to charge the latter for his negligence; but, in order to
charge the corporation, evidence of his negligence must be supplemented
by evidence that the town authorities were negligent, or that the work
directed to be done was intrinsically dangerous.

From the Sullivan Circuit Court.

*C. E. Barrett, W. C. Barrett, J. W. Shelton* and *J. S. Bays,*
for appellant.

*J. T. Beasley* and *A. B. Williams,* for appellee.

ELLIOTT, J.—The complaint of the appellant alleges that
the appellee caused the sidewalk on one of the public streets
of the town to be torn up and an excavation to be made
therein; that the excavation was left unguarded; that there
were no barriers or signal lights placed about it, and that
the plaintiff, without any negligence on his part, fell into
the excavation on the night of the 22d day of September,
1885, and was greatly injured.

The second paragraph of the appellee's answer avers, in

substance, that Stephen A. White is the owner of a lot abut-ting on the street; that he was required by an ordinance passed by the board of trustees of the town to improve the sidewalk in front of his lot; that the only connection the town had with the improvement was to enact the ordinance and notify White to proceed under it to make the improve-ment; that he proceeded in accordance with the ordinance and notice; that he tore up the sidewalk and made the ex-cavation into which the plaintiff fell; that, when the work was left on the night of September 22d, 1885, White placed near it a good and sufficient danger signal, and "used all the care and diligence he possibly could do in the prosecution of the work and in the placing of a danger mark, warning, and signal, at the excavation; and that the plaintiff, care-lessly, recklessly and wholly disregarding said signal, and without any fault on the part of White," went into the excavation.

This answer is unquestionably good. It is good because it shows that the plaintiff was guilty of contributory negli-gence. It is good because it shows that White was not guilty of any negligence. In cases like this, only ordinary care is required of a municipal corporation, its agents and contractors, and ordinary care does not require that a watch be kept during the night over an excavation, unless there are circumstances peculiar to the particular case making it nec-essary. As a general rule, it is sufficient to show that proper signals or secure guards were placed about an excavation on quitting work, and neither the corporation nor its contractor is liable if a wrong-doer removes the signals during the night. *Doherty* v. *Waltham*, 4 Gray, 596; Shear. & Redf. Neg., sec-tion 360.

The difficult and controlling question arises on the ruling denying a new trial. The evidence shows that the work was done by the property-owner, White, under an ordinance passed by the board of trustees, and that the corporate au-thorities had no notice of the excavation. If White is to be

regarded as occupying the position of an independent contractor, then it is quite clear that to fasten a liability on the town it must be shown that the work was intrinsically dangerous, or that the town authorities had notice of the danger, or were negligent in not acquiring notice. *Ryan* v. *Curran*, 64 Ind. 345 (31 Am. R. 123); *Corporation of Bluffton* v. *Mathews*, 92 Ind. 213; *City of Evansville* v. *Wilter*, 86 Ind. 414; *City of Madison* v. *Baker*, 103 Ind. 41; 2 Dillon Munic. Corp. (3d ed.), sections 1025, 1029.

There is no evidence that the improvement was intrinsically dangerous, nor is there evidence that the corporate authorities had notice, or were negligent in not acquiring notice. The case can not, therefore, be maintained unless the act of the property-owner be deemed that of the town.

On the one side it is contended that the act was not that of the town, but of a person standing substantially in the position of an independent contractor, and that the town did no more than it had a lawful right to do in enacting the ordinance; while, on the other side, it is contended that the act of the property-owner was the act of the municipal corporation and that the corporation is liable for his negligence.

It is quite well settled that a municipal corporation is not liable for legislative or judicial acts. *City of Terre Haute* v. *Hudnut*, *post*, p. 542. It is only where the corporation performs ministerial acts that it can be held liable for negligence. There is, therefore, nothing in the act of the board of trustees in enacting the ordinance directing the making of the improvement upon which a cause of action can be based. If there is any liability at all it must be because of some negligence in the discharge of ministerial duties.

We think that the authority of a town extends to sidewalks, and that their liability is commensurate with their duty. It is beyond controversy that a sidewalk is part of a street, and, consequently, a statute referring to streets embraces sidewalks. *State* v. *Berdetta*, 78 Ind. 185 (38 Am. R.

117); *City of Kokomo* v. *Mahan,* 100 Ind. 242; 2 Dillon Munic. Corp., section 780, n. 1.

It is clear that the town has authority over sidewalks, and is under a duty to use ordinary care to keep them in a reasonably safe condition for use by those who exercise ordinary care. This appeal can not, therefore, be disposed of, as appellee's counsel affirm, upon the ground that the corporate. duty does not extend to sidewalks.

If the acts of White are to be regarded as those of the town, then there may be a liability for his negligence without proof of notice, as it is the duty of the town to exercise ordinary care in performing work undertaken by it. But, in our judgment, the acts of a property-owner who improves a sidewalk under an ordinance of a town can not be deemed the acts of the town in such a sense as to charge the town with his negligence. In order to charge the corporation, evidence of the negligence of the property-owner must be supplemented by evidence that the town authorities were negligent, or that the work directed to be done was intrinsically dangerous.

The statute expressly authorizes the board of trustees to compel abutting lot-owners to improve the sidewalks. It is, indeed, doubtful whether the board has power to cause the improvement to be made in any other method. The statute reads thus: "Whenever, in the opinion of the board of trustees of any incorporated town in this State, public convenience requires that the sidewalks of any street in such town should be graded or paved or planked, such board of trustees may, by an ordinance, compel the owners of lots adjoining such street to grade, pave or plank the same." R. S. 1881, section 3357.

This statute requires the corporate authorities, in cases where they proceed under it, to compel the property-owners to make the improvement, and does not invest them with authority to select the persons who shall do the work. Under this statute there is no authority vested in the municipal

authorities to choose agents or servants to do the ministerial work; that is left with the property-owner. Where there is no right of selecting or choosing, the relation of principal and agent can not exist; and where the relation of principal and agent does not exist, the maxim *respondeat superior* can not apply. It is, therefore, logically inconceivable that a municipal corporation, which is itself free from fault, should be held responsible for the negligence of a person not voluntarily chosen by it to perform an act. The authorities are harmonious upon this point, for all agree that, where the person, artificial or natural, is not vested with the authority of selecting, the maxim *respondeat superior* has no force. *Summers* v. *Board, etc.*, 103 Ind. 262 (53 Am. R. 512), and cases cited; *Bryant* v. *City of St. Paul*, 21 Cent. L. J. 33, and cases cited, note; 2 Dillon Munic. Corp. (3d ed.), sections 974, 1028.

