No. 13,490.

## WHEELER v. THE CITY OF PLYMOUTH.

CITY.—*Explosives.*—*Negligence.*—*Damages to Property of Citizen.*—*Liability of City.*—A city is not liable for damages caused to the property of a citizen by the negligent manner in which other persons, acting under permission from the mayor, fire explosives within the city.

SAME.—*Failure to Enforce or Enact Ordinances.*—A municipal corporation is not liable for a negligent failure to enforce an ordinance, nor for omitting to enact ordinances.

SAME.—*Liability for Act of Licensee.*—A municipal corporation is not liable for the acts of its licensees unless it is shown that an act authorized was dangerous in itself.

From the Marshall Circuit Court.

*S. Parker*, for appellant.

*A. C. Capron*, for appellee. .

ELLIOTT, J.—The city of Plymouth had in force on the 4th day of July, 1885, and for a long time prior to that day, an ordinance prohibiting the firing of gunpowder or any other explosive substance, except in cases where the mayor, on occasions of public rejoicing, granted permission to fire guns, cannon or other things in which gunpowder could be used. On the day named the mayor did grant permission to fire gunpowder in an anvil on a lot in the city near where there was sand, gravel and other things of like character. In firing the anvil pebbles and gravel were thrown against the plate-glass doors of the appellant's building, shattering and breaking them. For the loss thus caused him he brings this action. The action can not be maintained.

A municipal corporation is not liable for a negligent failure to enforce an ordinance, nor is it liable for omitting to enact ordinances. *City of Lafayette* v. *Timberlake*, 88 Ind. 330, and authorities cited; *Dooley* v. *Town of Sullivan*, 112

Ind. 451 (2 Am. St. R. 209); *McDade* v. *Chester City*, 117 Pa. St. 414 (2 Am. St. R. 681).

There is no actionable breach of corporate duty in failing to enact a proper ordinance, or in failing to enforce one that has been enacted, and, consequently, this action can not be maintained upon the theory that there was not a proper ordinance, nor upon the theory that the ordinance was not enforced.

The act of the mayor in granting permission to fire the anvil did not create a liability against the city. The utmost that can be granted is that the act of the mayor constituted the wrong-doers the licensees of the corporation, and granting this, but by no means so deciding, the city is not liable for their act, because it is not shown that it was intrinsically dangerous. It is quite well settled that a municipal corporation is not liable for the acts of its licensees unless it is shown that they were authorized to perform an act dangerous in itself. *City of Warsaw* v. *Dunlap*, 112 Ind. 576 (580); *Dooley* v. *Town of Sullivan, supra; Ryan* v. *Curran,* 64 Ind. 345 (31 Am. R. 123).

Here there is nothing to show that the authorized act was intrinsically dangerous; on the contrary, the danger arose from the negligent manner in which the licensees performed the act.

Judgment affirmed.

Filed Nov. 16, 1888.