CHARLES KENNEDY, BY HIS NEXT FRIEND, v. THE CITY
OF LANSING.

*Municipal corporations—Street-car passengers—Injury from
trolley poles.*

While a city is bound to see that the construction of the tracks of a street railway does not necessarily interfere with or endanger other uses of its streets, it is not an insurer of street-car passengers against defects in the street-car system itself.

So *held*, where a passenger, while standing upon one of the side boards of a street car, came in contact with one of the trolley poles, which were placed in the gutter, outside of the way intended for travel, and was injured, it appearing that the city did not fix or direct the precise location of the tracks or of the trolley poles, or determine the width of the cars.

Error to Ingham.   (Person, J.)   Argued March 8, 1894. Decided March 27, 1894.

Negligence case.   Plaintiff brings error.   Affirmed.   The facts are stated in the opinion.

*S. L. Kilbourne* and *James Harris,* for appellant.

*Charles F. Hammond,* for defendant.

McGRATH, C. J.   Defendant granted to a street-railway company the right to lay its track and erect its trolley poles along Elizabeth street.   The track was laid along the east side of the traveled portion of the street, and the trolley poles were placed in the gutter, outside of the way intended for travel.   Plaintiff, while riding upon one of the street-railway company's open cars, which are wider than the ordinary car, and while standing upon one of the side boards used as steps, came in contact with one of the trolley poles and was injured, and sues the city, alleging that the trolley pole was an obstruction in the street.

We think that the circuit judge was right in directing a verdict for the defendant.   The municipality did not fix or direct the precise location of the tracks or of the trolley poles, or determine the width of the cars.   The tracks, cars, and poles are the property of the company, and incidents of that particular system of transportation, as virtually so as are the horses, harness, and vehicles of other systems. If an injury is occasioned to a passenger by a defect in a rail, or by reason of an improper adjustment of that system, the city can be no more held than if a passenger in an omnibus is injured because of the breaking of a defective axle, or because the horses were hitched too long or too short.   The injury in the present case was not occasioned by the condition of the street, but by an improper arrangement of the appliances employed in a method of its use.   Respecting the liability of the city, the case is the same as if plaintiff had been injured by contact with a car on a parallel track of a double-track system.

Municipalities are in no sense responsible for the adjustment of the parts of this mode of transportation. They may, by the exercise of the police power, prohibit such an adjustment as would endanger life, but the failure to exercise that power would not render them liable to respond in damages; nor would the enactment of a prohibitory ordinance, its violation, and consequent injury, involve them in liability. They are, of course, bound to see that the construction of tracks in streets does not necessarily interfere with or endanger other uses of such streets, but they are not insurers of street-car passengers against defects in the street-car system itself.

The judgment is affirmed.

The other Justices concurred.