## MOORE *v.* CITY OF BLOOMINGTON.

[No. 7,262.  Filed June 6, 1911.  Rehearing denied February 23, 1912.  Transfer denied July 5, 1912.]

1. MUNICIPAL CORPORATIONS.—*Governmental Powers.—Failure to Exercise.—Liability.*—A city is not liable for a failure to exercise powers of a purely governmental character. p. 148.

2. MUNICIPAL CORPORATIONS.—*Ministerial Duties.—Failure to Perform.—Liability.*—Where a fixed, certain and absolute ministerial duty is imposed on a city by statute, and means provided for its discharge, the city is under obligations to perform and will be held answerable in damages for failure to perform, or for the negligent performance of such duty. p. 149.

3. MUNICIPAL CORPORATIONS.—*Streets.—Licensed Use for Display of Fireworks.—Liability for Injury.*—The use of a street for the display of fireworks therein is foreign to the purposes of a street, and is intrinsically dangerous, and may be found to be a nuisance which will render a city, authorizing such use, liable for injury to one in the street from the discharge of fireworks negligently handled by inexperienced persons. pp. 151, 153, 155.

4. MUNICIPAL CORPORATIONS.—*Streets.—Licensed Use for Extraordinary Purpose.—Liability for Injury.*—The liability of a city for injuries to one caused by its authorized use of a street for a purpose foreign to the purpose for which it was dedicated is not affected by the fact that such authorized use does not change or affect the physical condition of the street. p. 151.

5. MUNICIPAL CORPORATIONS.—*Streets.—Obstruction.—Nuisance.—Liability.—Question for Jury.*—A city is liable for erecting or

maintaining a nuisance, and, while a permanent obstruction in a street is a nuisance *per se*, the question of whether a temporary obstruction or use constitutes a nuisance is for the determination of the jury under proper instructions. p. 154.

6. MUNICIPAL CORPORATIONS.—*Streets.—Licensed Use for Display of Fireworks.—Injury to Bystander.—Contributory Negligence.*— The mere fact that a child of tender years, who was injured, while in a street, by the discharge of fireworks therein, was not at the time using the street for travel, but was present solely for the purpose of watching the display of fireworks, did not render it guilty of contributory negligence as a matter of law. p. 157.

7. NEGLIGENCE.—*Contributory Negligence.—Question for Jury.*— Where the undisputed facts bearing on the question of contributory negligence are of such a character that impartial men may differ as to the inference to be drawn therefrom, the question is for the jury. p. 158.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Josephine Moore, by her next friend, Joseph C. Moore, against the City of Bloomington. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*Miers & Corr,* for appellant.
*R. L. Morgan* and *J. E. Henley,* for appellee.

LAIRY, C. J.—By this action, appellant, Josephine Moore, a minor, by her next friend, seeks to recover damages from the city of Bloomington for personal injuries sustained by her while attending a public exhibition of fireworks, given in the streets of said city, under the control and direction of a committee of the labor unions, as a part of the Labor Day celebration held in the city of Bloomington on September 3, 1906.

The common council of the city had, prior to that date, passed and entered of record an order granting to said labor unions the free use of the streets for the purpose of holding their celebration, and further granting them the privilege to give a display of fireworks in the streets in the evening. The display was given in the street near the courthouse square, in the presence of a large crowd of people. Appel-

lant, Josephine Moore, was present, and, while standing in the street near the platform from which the fireworks were being discharged, was struck in the face by a skyrocket and seriously injured. It is alleged that the rocket which struck and injured appellant was negligently ignited and discharged by those in charge of the display. The complaint on which the case was tried consisted of two paragraphs—the first and third—a demurrer having been sustained to the second. The averments of the first and third paragraphs are similar, except that in the third the negligent acts and conduct of those in charge of the display were particularly described. After hearing the evidence, the trial court directed the jury to return a verdict in favor of defendant, and the question here presented is whether, under the facts shown by the pleadings and proof, a case was made out which should have been submitted to the jury for determination.

The sufficiency of the complaint was questioned below by demurrer, and the action of the court in overruling the demurrer to the first and third paragraphs of complaint is presented here by assignment of cross-error. Appellant assigns as error that the court erred in directing a verdict for appellee, and also in overruling the motion for a new trial. As the questions presented by the several assignments of error can be determined by the application of the same legal principles, it will not be necessary to discuss them separately.

The precise question here presented has never been decided by either the Supreme Court or the Appellate Court of this State, and the decisions of the courts of other states are not entirely uniform. It is therefore proper and necessary to consider and apply the principles of law governing the liability of cities for torts under circumstances similar to those involved in this case.

The courts have held uniformly that a city is not liable for a failure to exercise powers of a purely governmental

character. It is not liable for failure to provide
1. adequate appliances for extinguishing fires, nor for
failure to furnish a sufficient police force, nor for
failure to enact proper ordinances, nor for failure properly
to enforce the laws of the State or the ordinances of the city
enacted for the protection of the lives and property of its
citizens. Such powers are governmental and discretionary,
and the failure to exercise them cannot be made the basis of
an action for damages. *City of Lafayette* v. *Timberlake*
(1882), 88 Ind. 330; *Robinson* v. *City of Evansville* (1882),
87 Ind. 334, 44 Am. Rep. 770; *Brinkmeyer* v. *City of Evans-
ville* (1867), 29 Ind. 187; 2 Dillon, Mun. Corp. (3d ed.)
§754; *Griffin* v. *Mayor, etc.* (1853), 9 N. Y. 456, 61 Am.
Dec. 700; *Hill* v. *Board, etc.* (1875), 72 N. C. 55, 21 Am.
Rep. 451; *Rivers* v. *City Council, etc.* (1880), 65 Ga. 376,
38 Am. Rep. 787; *City of Logansport* v. *Wright* (1865),
25 Ind. 512; *Mills* v. *City of Brooklyn* (1865), 32 N. Y. 489;
*Hill* v. *City of Boston* (1877), 122 Mass. 344, 23 Am. Rep.
332; *Kennedy* v. *City of Lansing* (1894), 99 Mich. 518, 58 N.
W. 470.

By an application of this principle, the courts have held
that a city is not liable for damages caused by persons while
making use of the streets for an illegal and unauthorized
purpose. The failure of the city in such a case to prevent
or suppress such illegal use of its streets does not render it
liable to respond in damages. So, it has been decided, that
a city is not liable for damages caused by persons coasting
in a street, in violation of a city ordinance. *City of Lafay-
ette* v. *Timberlake, supra*. The fact that the unauthorized
and illegal act is carried on openly, and in the presence of
the police officers of the city, does not change the application
of the rule. *Faulkner* v. *City of Aurora* (1882), 85 Ind. 130,
44 Am. Rep. 1. In the absence of a statute, a city is not
liable for injury to person or property caused by the acts of
a mob which the city authorities failed to suppress.

It is clear, from an application of this principle, that a

city cannot be held liable for an injury to person or property caused by the explosion of fireworks in its streets by a person or society of persons without the authority, consent or license of the city. If the pleadings and the proof disclosed such a case here, there would be no difficulty in reaching a decision; but in this case, it appears from the pleadings and the evidence that the common council of the city of Bloomington, in response to a request by a committee of the labor unions of said city, made and entered of record an order granting to said labor unions the free use of the streets of said city for their Labor Day celebration, including a display of fireworks at night, and that the exhibition of fireworks, at which appellant received her injuries, was held by the labor unions as a part of their celebration, under the permission and license so granted by said city. We cannot, therefore, determine this case by the application of the principle just announced, but we are required to consider and determine the effect of the express permission and license given by said city, as bearing on the question of its liability for damages resulting from such authorized display of fireworks. In considering this question, it is necessary to discuss briefly the duties of the city in reference to keeping its streets in a safe condition for use.

It is well settled that where a fixed, certain and absolute duty of a purely ministerial character is imposed on a city by statute, and means are provided whereby such

2.  duty may be discharged, it is under obligation to perform; and it will be held answerable in damages for its failure to perform, or for its negligent performance of such duty. By the application of this principle, cities in this State have been held liable for a failure to keep their streets in a safe condition for travel, and for negligently permitting such streets to become obstructed or out of repair so as to be dangerous. *City of Logansport* v. *Dick* (1880), 70 Ind. 65, 36 Am. Rep. 166; *City of Indianapolis* v. *Doherty* (1880), 71 Ind. 5; *Town of Monticello* v. *Kennard* (1893), 7 Ind.

App. 135, 34 N. E. 454; *Lyon* v. *City of Logansport* (1894), 9 Ind. App. 21, 35 N. E. 128; *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, 66 L. R. A. 119.

If a person without the knowledge of the city and without license or authority from it makes an excavation in a street or places an obstruction therein, whereby the condition of the street is made dangerous, the city is not liable for injury resulting from such dangerous condition, unless it appears that the city had either actual or constructive notice of such condition in time to have taken precautions to prevent the injury. In such a case, the only negligence that can be charged against the city is that it failed to take proper precaution to prevent injury after notice of the dangerous condition of the street. On the other hand, if the city, by contract or license, authorizes an excavation to be made in a street or an obstruction to be placed therein, which from their character and location will necessarily or probably produce injury to those using the street, unless precautionary measures are taken to prevent it, such city will be liable in damages to a person injured by reason of the want of necessary precautionary measures to make it safe. To render the city liable in such a case, it is not necessary to show that it had notice that the person who had placed the obstruction or made the excavation in the street pursuant to such authority or license had failed to guard it or to light it, or to take other precautions necessary to make it safe, and that after such notice the city had time to take such precautions before the injury occurred. The duty to see that such precautions are taken rests primarily on the city, and it cannot absolve itself from such duty by delegating it to another. *Park* v. *Board, etc.* (1892), 3 Ind. App. 536, 30 N. E. 147; *City of Indianapolis* v. *Marold* (1900), 25 Ind. App. 428, 58 N. E. 512; 2 Dillon, Mun. Corp. (3d ed.) §1027.

In the last cited case the city of Indianapolis had let a contract for lowering a bridge. The execution of the work contemplated by the contract necessarily resulted in a con-

dition of the street which would be dangerous unless properly lighted or guarded. The contractor failed properly to light or guard the place, and the city was held liable to the person injured by reason of the defect so created. The court held that as the improvement contracted for contemplated the creation of a condition of the street which was dangerous, unless precautions were taken to make it safe, the duty primarily rested on the city to see to it that such precautions were taken, and that notice to the municipality of the absence of such precautions or guards was not required to make the city liable. In the case of *City of Indianapolis* v. *Doherty, supra,* the same principle was applied to a case where a person had created an obstruction in the street by placing building material therein, under the authority of a building permit issued by the city.

We can see no reason why the principle announced and applied in these cases should not apply to a case where a city expressly grants permission or a license authorizing the use of a street for a purpose which, in its nature is intrinsically dangerous and which necessarily or ordinarily renders the use of the street unsafe unless precautions are taken to prevent the danger ordinarily incident to such use, especially where the use authorized is an extraordinary and unusual use, and one that is foreign to the purpose for which the street was dedicated. Counsel for appellee concede that these principles apply where the act authorized results in an excavation or obstruction in the street, or any other change in its physical condition which makes it unsafe for use; but it is urged that they should not apply when the act authorized or licensed does not change or affect the physical condition of the street, and which amounts only to a temporary use of the street which may or may not be dangerous according to the amount of care used. No court has recognized such a distinction, so far as we have been able to learn from our investigation of the question, and we know of no

sound reason on which such a distinction could rest. There may be uses to which a street might be appropriated or subjected which would make it more unsafe for travel than it could be made by any obstruction or change in its physical condition.

In the case of *Little* v. *City of Madison* (1877), 42 Wis. 643, 24 Am. Rep. 435, it was held that the city, by authorizing the exhibition of bears in the street, became liable to a person who sustained damage by reason of his horse taking fright at the animals so exhibited. In the case of *Wheeler* v. *City of Fort Dodge* (1906), 131 Iowa 566, 108 N. W. 1057, 9 L. R. A. (N. S.) 146, the supreme court of Iowa held that a wire stretched across the street from the top of a building on one side to a point near the ground on the other, for the purpose of giving an exhibition known as "the slide for life", was a nuisance, and the city was held liable in damages to a person in the street who was injured by the performer while engaged in giving the performance falling upon him. In the opinion the court said: "That the city may be held liable for permitting conditions which endanger travelers, but do not constitute any defect in the street surface or obstruct travel thereon, has been expressly held by this court. * * * 'This duty extends, not merely to the surface of the street or walk, but to those things within its control which endanger the safety of those using the street or walk properly.' * * * If we are not to abandon this principle so just and reasonable in itself, there is no escape from the conclusion that the presence in the streets of defendant city of the apparatus erected for the so-called 'slide for life' was a nuisance. But, even if for any purpose or in any exceptional sense of the word the existence of the naked wire stretched across the public way can be said not to constitute a nuisance, yet, when it is considered, as it should be considered, with reference to the purpose of its erection and the use to which it was to be subjected, its unlawful character is placed beyond a reasonable doubt. There are various

reasonable and proper uses to which a street may be temporarily put, which may for the time being obstruct or interrupt its public use.    But the right to make or cause such interruption must have some foundation in the necessity or in the reasonable enjoyment of the use of adjacent property.''

Appellee cites and relies on the case of *Wheeler* v. *City of Plymouth* (1888), 116 Ind. 158, 18 N. E. 532, 9 Am. St. 837. From the facts in that case it appears that the mayor 3. of said city had granted permission to certain persons to fire an anvil on a vacant lot within the corporate limits of said city, and that as a result of the firing of such anvil, stones were thrown which broke a plate glass. The owner sued the city for the damage to the glass, and it was held that he could not recover.    The court said:  ''The act of the mayor in granting permission to fire the anvil did not create a liability against the city.    The utmost that can be granted is that the act of the mayor constituted the wrongdoers the licensees of the corporation, and granting this, but by no means so deciding, the city is not liable for their act, because it is not shown that it was intrinsically dangerous.    It is quite well settled that a municipal corporation is not liable for the acts of its licensees unless it is shown that they were authorized to perform an act dangerous in itself.    *City of Warsaw* v. *Dunlap* [1887], 112 Ind. 576, 580 [11 N. E. 623, 14 N. E. 568]; *Dooley* v. *Town of Sullivan, supra* [(1887), 112 Ind. 451, 14 N. E. 566, 2 Am. St. 209]; *Ryan* v. *Curran* [1878], 64 Ind. 345 (31 Am. Rep. 123).    Here there is nothing to show that the authorized act was intrinsically dangerous; on the contrary, the danger arose from the negligent manner in which the licensees performed the act.''

This case can be distinguished from the case at bar.    The act authorized was not to be done in a street of the city, but on a vacant lot, and for that reason the duty which is imposed on the city to keep its streets in a safe condition for

use could not be invoked in favor of plaintiff. It is stated in the opinion that there was nothing in that case to show that the authorized act was intrinsically dangerous, and the city is excused from liability on this ground. This is a recognition of the principle that the city would have been liable, if it had appeared that the act authorized had been of such a character as to be dangerous in itself.

A city is liable for erecting or maintaining a nuisance, the same as an individual. *City of Valparaiso* v. *Moffitt* (1895), 12 Ind. App. 250, 39 N. E. 909, 54 Am. St. 522; *City of New Albany* v. *Slider* (1899), 21 Ind. App. 392, 52 N. E. 626. Any permanent obstruction in a street or highway is a nuisance *per se*. *State* v. *Berdetta* (1880), 73 Ind. 185, 38 Am. Rep. 117; *Hildrup* v. *Town of Windfall City* (1902), 29 Ind. App. 592, 64 N. E. 942. A temporary obstruction or use of a street may or may not be a nuisance in fact. Whether such use is a nuisance in fact must depend on the circumstances of each particular case. In determining the question, it is proper to consider the character of the use, as to whether it is necessarily or ordinarily incident to the uses and purposes for which the street is intended, as well as the danger or inconvenience to the public occasioned thereby. Where the particular use of the street authorized by the city can not be said as a matter of law to constitute a nuisance, but when it is of such a character, when considered in reference to surrounding conditions and circumstances, that it may or may not constitute a nuisance in fact, the question should be submitted to the jury for determination, under proper instructions by the court. *Speir* v. *City of Brooklyn* (1893), 139 N. Y. 6, 34 N. E. 727, 21 L. R. A. 641, 36 Am. St. 664; *Landau* v. *City of New York* (1904), 180 N. Y. 48, 72 N. E. 631, 105 Am. St. 709; *Johnson* v. *City of New York* (1906), 186 N. Y. 139, 78 N. E. 715, 116 Am. St. 545. The cases last cited are directly in point, and furnish express authority for our decision in

this case. In the first case the city of Brooklyn was held liable for an injury to a spectator caused by a display of fireworks which the city had authorized to be held in its streets. In the second case the plaintiff was injured by a display of fireworks in the streets of the city, given under the permission of the city authorities, for the purpose of celebrating a political victory. A non-suit was granted by the trial court, and the case was reversed on appeal; the court holding that the case should have been submitted to the jury.

We are not to be understood as holding that a city can be made liable for every injury which results from a use of the streets which such city has authorized. Before the city can be held liable, it must appear that the act to be done under the authority of the city, or the use to which the street was to be subjected under such authority, was of such a character as to render the condition of the street dangerous, unless precautions were taken to make or keep it safe. If the act authorized is of such a character that it is necessarily or usually safe where proper care is used, and which can become dangerous only in case the persons in charge are guilty of negligence making it so, then the city cannot be held responsible for damages caused solely by reason of the negligence of the persons in charge, but if the act which the city authorizes to be done in its street, or the use to which it is subjected under such authority, is of such a character as to be necessarily or usually dangerous, and which can be made ordinarily safe only by the use of certain precautions, the city owes the duty to see that such precautions are used. *Norwalk Gas Light Co.* v. *Borough of Norwalk* (1893), 63 Conn. 495, 28 Atl. 32; *Bailey* v. *Troy, etc., R. Co.* (1884), 57 Vt. 252, 52 Am. Rep. 129; *Bower* v. *Peate* (1876), I Q. B. D. 321; *Thompson* v. *Lowell, etc., St. R. Co.* (1898), 170 Mass. 577, 49 N. E. 913, 40 L. R. A. 345, 64 Am. St. 323.

The cases cited as to the last proposition apply the rule

therein stated so as to hold a person liable for the acts of an independent contractor, where the work to be done under the contract was of such a character as to be dangerous unless precautions were exercised to make it safe. We can see no reason why the same rule should not apply as against a city which has, by contract or license, authorized an act to be done in its streets which will render their use unsafe unless precautions are taken. *City of Indianapolis* v. *Huffer* (1868), 30 Ind. 235; Elliott, Roads and Sts. (2d ed.) §634.

As an illustration, we may assume that a city, for a consideration, has granted a license to the owner of an automobile, authorizing him to operate it in the streets of the city. It would scarcely be contended that the city would be liable to a person injured on the streets by reason of the negligent operation of such automobile. The reasons are manifest. In the first place, the use as authorized and licensed is one of the recognized modes of travel, and is in no way foreign to the purposes for which the street is intended; and, in the second place, the use authorized is one which is ordinarily safe where proper care is used, and becomes dangerous only by a failure to use proper care. If, however, the city of Indianapolis should grant permission to an automobile club to hold races on Washington street in said city, it would hardly be claimed that such races, if held, would not constitute a nuisance. *Johnson* v. *City of New York, supra.*

The facts in this case show that a display of fireworks was made from a platform placed on a wagon near the corner of the public square in the city of Bloomington; that this was in the heart of the city, and that a large crowd of people had assembled to see the display; that Roman candles and skyrockets, heavily charged, were used in making such display, and that the person in charge had never had any experience in handling fireworks of this character. The discharge of fireworks of this kind in the crowded

streets of a city renders such streets unsafe and dangerous for use, unless precautions are used, and the exercise of such precautions is the only thing that can make the use of fireworks reasonably safe. The question as to whether or not the fireworks as authorized and conducted constituted a nuisance for which the city was liable should have been submitted to the jury. As was said in *Landau* v. *City of New York, supra:* "Fireworks exhibited on an extensive scale in a large thoroughfare in the midst of a large city, where a vast multitude of people is assembled, if not a nuisance as matter of law, may properly be found such as a matter of fact. This was so adjudged in the Speir case [, *supra*], which is controlling in principle. While such displays are sometimes tolerated, they are not authorized, and whoever is responsible for them must run the risk of liability for the consequences, so far as they result in injury to person or property."

It appears from the evidence in this case that appellant was not using the street for travel at the time of her injury, but that she had come to the place solely for the purpose of watching the fireworks. Under such circumstances, it is insisted that she assumed the risk of injury, and cannot recover for that reason, and the case of *Scanlon* v. *Wedger* (1892), 156 Mass. 462, 31 N. E. 642, 16 L. R. A. 395, is cited as sustaining this proposition. The case cited fully sustains the proposition, but its weight as an authority is considerably weakened by a dissenting opinion by Morton, J.

The contrary doctrine is announced in Vermont, where it is decided that the presence of a person on a public street, in a crowd of people that had been invited there to see an exhibition of fireworks, did not constitute contributory negligence. *Bradley* v. *Andrews* (1879), 51 Vt. 530. The Supreme Court of Missouri has also decided that a person attending a display of fireworks is not guilty of contributory negligence. *Dowell* v. *Gutherie* (1889), 99 Mo.

653, 12 S. W. 900, 17 Am. St. 598.    In the case of *Johnson*
v. *City of New York, supra,* it was held that a person who
was injured while attending an automobile race, held in the
streets of the city, was not, as a matter of law, guilty of
contributory negligence, but that the question of his con-
tributory negligence was one of fact for the jury.

We cannot say from the facts in this case that appel-
lant was guilty of contributory negligence as a matter of
law.    It appears that she was a girl of tender years, and
she may not have known nor fully appreciated the danger
she was encountering.    She may have had no knowledge of
the dangerous character of the fireworks which were being
used, nor of the inexperience of the person in
charge.    We have often held that where the undis-
puted facts bearing on the question of contributory
negligence are of such a character that impartial men may
differ as to the inference to be drawn therefrom, the
question should be submitted to the jury: *Rush* v. *Coal
Bluff Min. Co.* (1892), 131 Ind. 135, 30 N. E. 904; *Cleve-
land, etc., R. Co.* v. *Harrington* (1892), 131 Ind. 426, 30 N.
E. 37.

The motion for a new trial should have been sustained.
The judgment is therefore reversed, with directions to sus-
tain the motion for a new trial, and for other proceedings
not inconsistent with this opinion.

NOTE.—Reported in 95 N. E. 374.    See, also, under (1) 28 Cyc.
1257; (2) 28 Cyc. 1262; (3) 28 Cyc. 1355; (5) 28 Cyc. 1500; (6)
28 Cyc. 1510; (7) 29 Cyc. 631.    As to the contributory negligence
of a child, see 49 Am. St. 408.    As to the liability for injuries re-
sulting from the discharge of fireworks, see 5 Ann. Cas. 539; 13
Ann. Cas. 547.