## CITY OF MOUNT VERNON *v.* ALLDRIDGE.

[No. 10,527. Filed December 10, 1920.]

1. EVIDENCE.—*Admissibility.*—In an action against a city for injuries sustained by plaintiff while attending a horse show given on a public street, where the minutes of the proceedings of the city council showed an application for permission to use a street for a horse show, but did not show what action, if any, was taken on the application, parol evidence as to the custom of the city clerk in writing the minutes of the council was inadmissible to show that permission was granted, and parol evidence to show that no action was taken on such application was likewise inadmissible. pp. 311, 312.

2. TRIAL.—*Evidence.—Records.—Minutes of City Council.—Interpretations.—Province of Court and Jury.*—Where the minutes of the proceedings of the city council relating to an application for permission to use a public street for a horse show were clear and unambiguous, their interpretation was. for the court, and it was improper to submit the question to the jury. p. 312.

3. MUNICIPAL CORPORATIONS.—*Street.—Licensed Use for Horse-racing.—Liability for Injury.*—Even though a city had granted express permission for the holding of a horse show on one of its streets, it would not be liable to one in the street for injury resulting therefrom, as a horse show is not intrinsically dangerous, and it is not to be presumed that the city, in authorizing the show, intended to include in it unlawful racing as a part of the program. p. 313.

4. MUNICIPAL CORPORATIONS.—*Unlawful Use of Streets.—Failure to Prevent.—Personal Injuries.—Liability.*—The fact that horse racing occurs on a public street in violation of the law and of a city ordinance, though known to public officials, does not make the city liable for personal injuries resulting therefrom. p. 313.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by Ernest Alldridge, by his next friend, Edith

Alldridge, against the city of Mount Vernon. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*James H. Blackburn* and *George F. Zimmerman,* for appellant.

*Lucius C. Embree* and *Morton C. Embree,* for appellee.

NICHOLS, J.—Action by appellee against appellant for damages resulting from injuries received while attending a horse show given on the streets of Mount Vernon, Indiana.

It is averred in the complaint, in substance, that appellant was a municipal corporation, and as such charged with the duty to maintain its streets in a condition safe for persons making lawful use of them; that on May 24, 1915, appellant unlawfully permitted and authorized an association of individuals to conduct a "horse show" on a part of Main street in said city; that in conducting said horse show horses were driven in buggies in races at dangerous rates of speed on said Main street, which racing was intrinsically dangerous, and that appellant knew it was dangerous at the time of the racing and at the time authority to use the streets was given; that appellee was lawfully using said part of Main street at the time of the racing, and while so doing was run over by one of the horses being driven in said races, while it was being driven at a dangerous and unlawful rate of speed, thereby injuring him; that appellee's injuries resulted from the unlawful granting of the use of the street for an intrinsically dangerous purpose. A second paragraph of complaint alleges that the use of the street complained of was in violation of a city ordinance.

Appellant answered in two paragraphs, the first a denial, and the second averring that appellee by his

presence as a spectator and a visitor participated in and consented to the alleged unlawful use of the street, and was therefore precluded from recovering. Appellee replied in four paragraphs, the first a denial; the second averring that appellee was a child of immature age, to wit, under fourteen years of age and was, as such, attracted by the unusual performance of such an occasion, exciting in its nature, and was thereby enticed to attend as a spectator; third, averring that, in addition to the horse racing, the show consisted of exhibitions of horses, mares and colts, which were not employed in said races, but were driven slowly and carefully to buggies, and led quietly and safely along the streets of said city for the purpose of exhibition, without obstructing the street and without danger to those present; that, such exhibition being lawful, it was not unlawful for appellee to be present. Demurrer was sustained to the fourth paragraph, and it is not before us for consideration.

Appellant's demurrer was overruled respectively to the second and third paragraphs of reply. The cause was tried by a jury, which gave a verdict for appellee for $1,500, on which judgment was rendered. After appellant's motion for a new trial was overruled, it prosecutes this appeal, assigning as error the court's action in overruling the demurrer to the second and third paragraphs of reply, and in overruling the motion for a new trial. We need only to consider the last error assigned.

For the purpose of showing that appellant authorized and permitted the holding of the horse show on Main street, the minutes of the meeting of the city council, held May 3, 1915, over appellant's objection, were read in evidence, which minutes contained the following:

"Moses asked permission to use Main street from Water to Sixth streets and Second street from Mill

to Walnut streets, for the purpose of a horse show on horse show day, May 24, 1915."

It will be noted that there is nothing in this record of the minutes showing that such permission was granted. Over the objection and exception of appellant, appellee was permitted to read in evidence the minutes of divers other meetings of the city council for the purpose of showing that such minutes indicated affirmative action of the council without the word "carried" or other words of approval added. The city clerk was also examined by appellee, over the objection and exception of appellant, as to his custom in writing the minutes. The admission of this parol evidence was reversible error. The minutes involved are clear and unambiguous, and cannot be added to by parol for the purpose of fixing liability on the city. The principle is stated in *Terre Haute, etc., R. Co.* v. *Town of Flora* (1902), 29 Ind. App. 442, 64 N. E. 648, as follows: "The burden was upon appellee, * * * to show the regularity of the proceedings by the board of town trustees. It must show, among other things, that the report of the commissioners was adopted; and this must be shown by the record of the board's proceedings, and cannot be shown by parol." See, also, *Larimer* v. *Krau* (1914), 57 Ind. App. 33, 39, 103 N. E. 1102, 105 N. E. 936; *Weir* v. *State, ex rel.* (1884), 96 Ind. 311; *Ex parte Young* (1908), 154 Cal. 317, 321, 97 Pac. 822, 22 L. R. A. (N. S.) 330; *Derosia* v. *Loree* (1909), 158 Mich. 64, 74, 122 N. W. 357, 1 Elliott, Evidence §618.

2. The interpretation of these minutes was for the court, and the question was improperly submitted to the jury. *City of Bloomington* v. *Moore* (1915), 183 Ind. 283, 109 N. E. 42; *Symmes* v. *Brown* (1859), 13 Ind. 318; *Zenor* v. *Johnson* (1886), 107 Ind. 69, 7 N. E. 751. To meet the parol

evidence of the clerk, appellant read in evidence a great many entries from the minutes showing that when motions or resolutions were offered, affirmative action was indicated by adding the word "carried." The members of the city council and the mayor also testified that no action was taken on said request, it appearing that the. city attorney advised that the city council had no right to grant such permission. This parol evidence should not have been heard.

If express permission had been granted to hold a horse show on the streets of the city, still appellant would not be liable, for a horse show is not in-3. trinsically dangerous. *Wheeler* v. *City of Plymouth* (1888), 116 Ind. 158, 18 N. E. 532, 9 Am. St. 837; *Schnurr* v. *Board, etc.* (1899), 22 Ind. App. 188, 53 N. E. 425; *Moore* v. *City of Bloomington* (1912), 51 Ind. App. 145, 153, 95 N. E. 374; 5 Thompson, Negligence §5850. A substantial part of the conduct of the horse show as described by appellee was lawful, and an entirely safe entertainment. It is not to be presumed that the city council, had it authorized the show, intended to include in it unlawful racing as a part of the program. It is to be noted that no mention was 4. made of racing in the minutes involved, and the fact that racing occurred in violation of the law and of the ordinance of the city, though known to public officials, does not make the city liable. *City of Lafayette* v. *Timberlake* (1882), 88 Ind. 330; *Moore* v. *City of Bloomington, supra.*

Other questions are presented, but having reached this conclusion, we deem it unnecessary to consider them. The judgment is reversed, with instructions to the trial court to grant a new trial.