**SPRINGFIELD** (city) v **GOOD, Admrx**

Ohio Appeals, 2nd Dist, Clark Co

No 311. Decided Jan 30, 1933

M. E. Spencer, City Solicitor, Springfield, for the City of Springfield, plaintiff in error.

George B. Smith, Springfield, and Frank M. Krapp, Springfield, for defendant in error.

HORNBECK, J.

The defendant complains of the proceedings and judgment in the following particulars; that the court erred in overruling the demurrer to the petition; in refusing to direct a verdict for defendant at the conclusion of plaintiff's case; in refusing to direct a verdict for the defendant at the conclusion of the whole case; for refusal to determine, as a matter of law, that plaintiff's decedent was chargeable with contributory negligence; errors in the general charge; error in giving special instruction before argument at request of plaintiff; error in refusing to give special charge before argument at the request of defendant.

The city solicitor appropriately summarizes the three propositions to which might

be added a fourth, under which he claims the trial court was required to hold, as a matter of law, that the plaintiff had no cause of action against the city. They are as follows:

(1) On the day and at the time in question the fire department apparatus of the city was being then and there operated in the performance of a governmental function of the city.

(2) That the automatic traffic light at the intersection referred to was there and in operation by reason of the performance of a governmental function of the city.

(3) That therefore, irrespective of any question of negligence on the part of the city in the maintenance of the traffic light, whether of misfeasance or nonfeasance there is no responsibility on the part of the municipal corporation, the defendant below.

To these we may add another claim of the city, namely,

That the maintenance of the traffic light at the intersection where the accident occurred, the light being suspended there at a height of some fifteen feet above the surface of the street, did not constitute a nuisance as contemplated by §3714 GC, which provides that the city shall cause the streets to be kept open, in repair, and free from nuisance.

In our judgment we are required to hold with the defendant upon each and all of these legal propositions.

On the first proposition above, there is no conflict between counsel. The question has been settled finally in the case of **Aldrich v City of Youngstown, 106 Oh St 342** overruling **Fowler, Administratrix, v City of Cleveland, 100 Oh St 158**, which latter case for a time liberalized the view point of the Supreme Court of Ohio on the proposition involved.

The second proposition above stated is supported by the case of Aldrich v City of Youngstown, supra, if the direction of traffic in the streets by mechanical signals is an incident of police regulation and a governmental function. We believe that it is.

The second syllabus in the **City of Wooster v Arbenz, 116 Oh St 281**, holds that a city is liable for a violation of §3714 GC in this language:

"Sec 3714 GC imposes upon municipalities the obligation to keep streets, alleys, and other highways within the municipality open, in repair, and free from nuisance; the legislation imposing this duty is an exercise of the sovereignty of the state, and municipalities as creatures of the same sovereignty are subject to the liability which follows a failure to discharge that duty."

This case also reiterates former adjudications that the duties and obligations imposed by §3714 GC being in derogation of the common law, must be strictly construed.

Since the trial of the instant case another opinion has been reported, which is decisive and determinative of all of the foregoing propositions, contra the claim of the plaintiff. We refer to **Martin v The City of Canton, 41 Oh Ap, 420, (11 Abs 560)**. This is a carefully considered case in which the opinion was written by Judge Sherick and we believe that the conclusions reached by the court as indicated in the syllabi in the main are sound and we are disposed to follow them. The petition to which a demurrer was sustained in the Martin case presented facts so like upon those in the instant case as to make the decision, if sound, determinative of our question. The second and third syllabi have reference to the immediate question, whether or not the maintenance of a traffic light above the street at intersections can, under the law, be a nuisance. They are:

"(2) Statute imposing upon municipalities duty to keep streets open, in repair, and free from nuisance is limited to physical condition of streets, and physical impediments or hindrances to traffic. (§3714, GC)."

"(3) Erection and maintenance of electric lights at street intersections for regulation of traffic is "governmental function," which precludes liability to one injured as result of derangement of system." (**Article 16, §3, Constitution**).

We do not accept the second syllabus without qualification and are not committed to the proposition that a nuisance must be a physical impediment.

In the Martin case, supra, the traffic light was out of order and gave no signal to traffic moving in one direction. In the instant case the traffic light was working properly mechanically, but it displayed a green or go signal to plaintiff's decedent with a red or stop signal to the fire department, which was disregarded. However, as well stated in the first proposition of the syllabi in the Martin case:

"In absence of statute municipality is not liable in damages for injury due to failure to perform or negligence in performance of governmental function."

Thus, unless the maintenance of the street light at the intersection where the accident in the instant case occurred was a nuisance and in violation of §3714 GC, there can be no recovery.

We are of opinion that, as a matter of law, this traffic light was not under the strict construction required by §3714 GC, a nuisance.

The trial court, therefore, should have sustained the demurrer to the petition.

The plaintiff relies upon the case of **Hamilton v Dilley, 120 Oh St 127.** The impediment to traffic which it was claimed in this case constituted a nuisance was a platform upon which on the night of the collision there was no light, built in the street upon the surface thereof and raised some six feet above street level. The distinction between a traffic light fifteen feet above the surface and an unlighted platform on the surface is obvious. The court, speaking through Chief Justice Marshall, at page 132, said:

"The legislature has declared that streets must be kept open, in repair, and free from nuisance. Any obstruction in the traveled portion of a street or highway may, under peculiar circumstances, become a nuisance."

The opinion in Wooster v Arbenz, supra, time and again impresses the fact that the nuisance against which §3714 GC is directed must be found in the street itself, notably at pages 288, 289 and 290 of the opinion.

We recognize the force of the argument of counsel for plaintiff that in the abstract gases escaping in the city streets might create a nuisance, as would other impediments in such proximity thereto, as to hinder, delay or bar traffic. But if the use of gases by a city was appropriate or incidental to any political function of the city, such use would not constitute a nuisance.

We have examined Moore v City of Bloomingsburg, 95 NE 374, which is some authority to support the claim of plaintiff that it is not essential to the creation of a nuisance by a city that the dangerous condition be in the surface of the street. This case, however, had to do with a situation created by the city granting a license to an organization to give a fire-works exhibition in a city street. This was a granting to the organization of the use of the street for an inherently dangerous undertaking. This case may be differentiated from the instant case in two particulars:

(1) It is probable that the nuisance must be said to have been in the street proper.

(2) The use to which the city permitted the street to be employed was in no sense a governmental function but was contrary to the usual purposes for which the street was intended and the city, by permitting such use, lost the protection which would otherwise have been accorded it if the street had been employed for those purposes for which it was constructed.

Then, too, the condition which plaintiff insists constituted a nuisance, of necessity includes the movement of the fire apparatus through the intersection at the time when the street signal light indicated to plaintiff's decedent that he might move into the intersection. Clearly, the operation and movement of the fire apparatus was a governmental function in the performance of which, even though done negligently, the city would not be held to respond in damages. How, then, could there be accomplished by indirection that which could not be accomplished directly, namely, to hold that the operation of the traffic light together with the operation by the city of its fire apparatus through the intersection, with other conditions then present, constituted a nuisance? The dangerous condition could not have been created in any view point but for the movement of the fire apparatus by the city, which was not a nuisance and was conducted as a governmental function.

Finally, if upon any view of the allegations of the petition it might be said that the plaintiff had stated a cause of action against the city which the answer set up the provisions of §3-K of Ordinance 1986 and defendant offered undisputed testimony that it was in effect on the day of the collision and that two pieces of the fire aparatus had moved into the intersection prior to the third piece which came into collision with plaintiff's decedent, and that signals were being sounded by the men in charge of the apparatus, this, in our judgment, made a complete defense in law to any negligence averred in the petition. The ordinance was admissible under the general denial as well as upon the second defense of the answer.

Consideration of the provisions of the ordinance set up in the petition, in con-

junction with the section of the ordinance plead in the second defense of the answer, is convincing that they can be, as they must be, if possible, reconciled by construction. The purpose and effect of the ordinance set up in the petition is to establish right of way at intersections between members of the public generally. The section set up in the second defense of the answer is the exception to the general provisions and definitely accords the right of way to the fire apparatus independent of traffic light signals which might, if set against the public, preclude them moving across an intersection.

This view is strengthened by consideration of §6290 GC which defines terms, as used in this chapter (relating to motor vehicles) and in the penal laws. This characterization is brought to include all laws of a general character affecting motor vehicles, the traffic rules, and the penal statutes relating to offenses which have any connection with motor vehicles. The first word defined by the section is "vehicle."

"1. 'Vehicle' means everything on wheels or runners, except vehicles operated exclusively on rails or tracks, and vehicles belonging to any police department, municipal fire department, volunteer fire department or salvage company organized under the laws of Ohio or used by such department or company in the discharge of its functions."

It will be noted that this is a broader definition of "vehicle" than is generally contemplated, or found in Webster's Dictionary; so that in no statute relating to motor vehicles would the term "vehicle" include the apparatus which was being operated by the city in the instant case. It is probable, then, that the word "vehicle" was so used in that section of the ordinance plead in the petition, and that this section had no application whatever to motorized fire apparatus moving on wheels. The section of the ordinance set up in the answer, having specific application to fire apparatus, contained the only provision relative to the moving of fire apparatus on the streets and at intersections of streets.

It was incumbent upon plaintiff's decedent to have regard for that section of the ordinance set up in the answer which accorded the fire department trucks full right of way through the intersection where the collision occurred, as well as to know his rights, under the ordinance set up in the petition.

The fact that the city had made it easier, simpler, and safer at certain intersections in the business part of the city for vehicular traffic to observe the provisions of §3-K of Ordinance 1986 by causing amber lights to be flashed and bells rung while the fire apparatus was running to a fire did not absolve operators of vehicles at intersections from observing the ordinance where such additional mechanical warnings were not placed. Plaintiff's decedent was chargeable with seeing and hearing that which a person with normal faculties must have seen and heard in a like situation. He was under the same obligations as to both sections of the ordinance, to be on the lookout for fire apparatus going to a fire, to observe the law with respect thereto and to observe the general traffic rules.

We, therefore, are of opinion that plaintiff's decedent was chargeable with contributory negligence as a matter of law. Our attention is directed by the brief for plaintiff to the first syllabus in the Cleveland Railway Company v Goldman, minor, case, 122 Oh St 73.

"It is not negligence for a person entering a street intersection with the 'go' traffic signal to rely upon all persons from a cross street, who are not, at that time, in the intersection observing the 'stop' signal, so long as it is against them."

This pronouncement, of course, was between parties who were chargeable with like responsibility under the law and neither of whom had the benefit of the protection which is accorded the defendant in this case.

Much may be said in favor of the decision of our Supreme Court, Fowler, Administratrix v City of Cleveland, supra, the supporting opinion of Judge Wanamaker and for his dissent in Aldrich v City of Youngstown, supra, and it may be that the welfare and protection of our citizens would be better conserved if municipalities were required to respond in damages for the negligence of their servants while engaged in the operation of fire apparatus, in controlling the traffic or in policing a city, but until there is a change in judicial interpretation by our highest court, we are without power to make any other or different interpretation.

In view of the opinion which we entertain respecting the law in this case it becomes necessary for the reasons assigned to reverse the judgment, set it aside and enter final judgment for the defendant.

ALLREAD, PJ, and KUNKLE, J, concur.